United States District Court
Northern District of California

1

2

3

4                          UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7    MICHAEL ALLEN HATFIELD,                      Case No.  14-cv-03262-JCS
                    Plaintiff,
8
          v.
9                                                 **ORDER DENYING MOTION TO**
     CAROLYN W. COLVIN,                           **ALTER OR AMEND JUDGMENT**
10                                                 Re: Dkt. No. 25
                    Defendant.
11

12   **I.      INTRODUCTION**

13          This case concerned Plaintiff Michael Hatfield's challenge to the Commissioner of Social

14   Security's (the "Commissioner's") denial of his most recent application for disability benefits.

15   The Court granted Hatfield's motion for summary judgment, denied the Commissioner's motion

16   for summary judgment, and ordered the case remanded to the Commissioner for an award of

17   benefits pursuant to the Ninth Circuit's "credit-as-true" rule.  The Commissioner now asks the

18   Court to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure.  For

19   the reasons stated below, the Commissioner's present Motion is DENIED.[1]

20   **II.     BACKGROUND**

21          **A.      Administrative Proceedings**

22          After Hatfield was initially found not to be disabled in 2010—a decision not at issue in the

23   present action—Hatfield filed another application for disability benefits in April of 2011.  The

24   application was denied, and an administrative law judge (the "ALJ") held a hearing in August of

25   2012.  The ALJ issued a decision finding Hatfield not disabled.

26          First, the ALJ found that Hatfield was not engaged in substantial gainful activity.  AR at

27   _____

28   [1] The parties have consented to the jurisdiction of the undersigned magistrate judge for all
     purposes pursuant to 28 U.S.C § 636(c).

20.  Then, the ALJ adopted the previous ALJ's findings with respect to Hatfield's severe

impairments, finding a lack of new impairments or increased severity in previously considered

impairments.  AR at 20–21.  Given the finding of no new or exacerbated impairments since the

previous decision, the ALJ then adopted the previous ALJ's conclusion in the next step—that

Hatfield's impairments do not meet or equal a listed impairment.  AR at 21.  With respect to the

residual functional capacity ("RFC") analysis, the ALJ found no changed circumstances with

respect to Hatfield's prior RFC and adopted the previous ALJ's RFC assessment.  AR at 22.  In so

doing, the ALJ rejected a treating physician's March 2012 opinion that Hatfield could sit for less

than two hours total and could stand or walk for less than two hours total in an eight-hour work

day.  AR at 21–24.  The ALJ's analysis of that opinion, which is central to the Court's previous

Order and to the Commissioner's present Motion, reads as follows:

> The claimant recently came under the care of Jeffrey Meckler, M.D.,
> who completed a form indicating that the claimant has significant
> difficulties affecting his ability to sit, stand/walk, maintain attention
> and concentration, and maintain regular attendance. Exhibit B12F.
> The undersigned has considered this opinion but finds that it is
> entitled to only partial weight because it is not well-supported by Dr.
> Meckler's treatment notes. Specifically, the undersigned notes that
> Dr. Meckler has seen the claimant on only three occasions, for
> treatment of fatigue, sexual dysfunction, and shoulder pain. Dr.
> Meckler administered testosterone injections and prescribed pain
> medications. In January 2012, Dr. Meckler noted that the claimant's
> current treatment was improving his daily function, and in February
> 2012 he noted normal psychiatric findings and no complaints of
> pain. Exhibit B16F.

AR at 23.

Finally, the ALJ adopted the previous ALJ's finding that Hatfield could not perform past

relevant work but could perform other available work in the economy, even though the vocational

expert at the second hearing found no available jobs given Hatfield's RFC.  AR at 24, 62–63.

### B.    The Court's Previous Order

The Court held that the ALJ erred in rejecting Dr. Meckler's opinions regarding Hatfield's

capacity to sit and stand during a workday.  While the ALJ based her decision in part on her

conclusion that "Dr. Meckler has seen the claimant on only three occasions," AR at 23, the Court

determined that the record actually reflected five office visits in the period before Dr. Meckler

United States District Court
Northern District of California

prepared the assessment at issue.  Order (dkt. 22)[2] at 9.  The Court also determined that Dr.

Meckler's relationship with Hatfield extended well beyond the "treatment of fatigue, sexual

dysfunction, and shoulder pain," AR at 23, and the provision of testosterone injections and pain

medication discussed in the ALJ's decision.  Order at 8−9.  While the ALJ wrote that Dr. Meckler

"noted normal psychiatric findings and no complaints of pain" during a February 2012 visit, AR at

23, the "Review of Symptoms" in those treatment notes indicates that Hatfield was "[p]ositive for

back pain and joint pain," AR at 40.  *See* Order at 10.  The Court also questioned the ALJ's

reliance on a boilerplate statement of normal psychiatric findings that was included in every

treatment note, even where Dr. Meckler prescribed medication for bipolar disorder.  *Id.*  The Court

found numerous indications of Hatfield's pain symptoms in the record that the ALJ failed to

address.  *Id.* at 11.  Overall, the Court determined that the ALJ's decision to afford "only partial

weight" to Dr. Meckler's opinion—and in effect to discount it entirely—was not supported by

substantial evidence, particularly given the legal standard for affording deference to the opinion of

a treating physician.  The Court followed Ninth Circuit precedent to credit Dr. Meckler's opinions

as true because the ALJ erred in discounting his credibility, and the Court therefore granted

Hatfield's motion, entered judgment in his favor, and ordered the case remanded for an award of

benefits.  *Id.* at 12−14.[3]

### C.    The Parties' Present Arguments

The Commissioner argues that the Court "substituted its own judgment for that of the

ALJ," contravening the "'highly deferential standard of review'" required when reviewing social

security disability decisions.  Mot. (dkt. 25) at 6−7 (quoting *Valentine v. Astrue*, 574 F.3d 685, 690

(9th Cir. 2009)).  According to the Commissioner, the ALJ was correct to determine that Dr.

Meckler's treatment notes do not support Dr. Meckler's opinions regarding Hatfield's purported

disability.  *Id.* at 8−10.  For example, the Commissioner points to multiple notes that Hatfield

"appears well-developed and well-nourished" with "no distress," and observes that Dr. Meckler's

---

[2] *Hatfield v. Colvin*, No. 14-cv-03262-JCS, 2015 WL 4089834 (N.D. Cal. July 6, 2015).
[3] The Court also noted a number of other discrepancies between the ALJ's analysis and the administrative record, but those discrepancies did not form the basis for the Court's decision and need not be addressed in detail in this Order.  *See* Order at 14.

1    treatment notes do not address the tests described in his opinion on Hatfield's disability, such as a

2    straight leg raising test. *Id.* at 9−10 (citing AR at 805, 810).  The Commissioner asserts that "[t]he

3    regulations and case law make clear that such discrepancies constitute a valid basis for discounting

4    a doctor's opinion regarding the claimant's functionality." *Id.* at 10.

5         The Commissioner also argues that the Court erred in its interpretation of Dr. Meckler's

6    treatment notes regarding Hatfield's psychiatric symptoms, in determining that Dr. Meckler's

7    opinions were uncontroverted, and in remanding for an award of benefits rather than for further

8    administrative proceedings. *Id.* at 11−21.

9         Hatfield argues that the Commissioner concedes at least one error by the ALJ—the number

10   of times Dr. Meckler treated Hatfield—and that where the Commissioner sees the Court

11   substituting its judgment for the ALJ's, the Court in fact objectively determined that the ALJ's

12   stated reasoning was not supported by substantial evidence in the record.  Opp'n (dkt. 26) at 3−8.

13   According to Hatfield, the Commissioner's arguments extend beyond the ALJ's stated reasoning,

14   and the Court must constrain its review to the grounds articulated by the ALJ. *Id.* at 7−8 (citing,

15   *e.g.*, *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007)).  Hatfield also argues that the Court was

16   correct to determine that Dr. Meckler's opinion was uncontroverted, that the Commissioner's pre-

17   judgment arguments failed to present reasons why a judgment in Hatfield's favor should take the

18   form of remand for further proceedings rather than remand for benefits, and that the Court was

19   correct to remand the case for benefits under the Ninth Circuit's credit-as-true doctrine. *Id.* at

20   8−11.

21   **III.    ANALYSIS**

22       **A.    Legal Standard**

23       Rule 59(e) provides that a party may file a "motion to alter or amend a judgment." Fed. R.

24   Civ. P. 59(e).  The Ninth Circuit has explained the standard for a motion under Rule 59(e) as

25   follows:

26   "Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *McDowell v. Calderon*, 197 F.3d

27   1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam) (internal quotation marks omitted). But amending a judgment after its entry

28   remains "an extraordinary remedy which should be used sparingly."

4

United States District Court
Northern District of California

United States District Court
Northern District of California

1

2

3

4

> *Id.* (internal quotation marks omitted). In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law. *Id.*

5    *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1112 (9th Cir. 2011).  This Rule "may not be used to

6    relitigate old matters, or to raise arguments or present evidence that could have been made prior to

7    the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citation

8    omitted).  In this case, the Commissioner relies on the first and third grounds for relief, claiming

9    manifest error and injustice.  *See* Mot. at 5.

10    **B.    Procedural Impropriety of the Motion**

11     Amending judgment is an "extraordinary remedy," *Allstate*, 643 F.3d at 1113, and Rule

12    59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that

13    could have been made prior to the entry of judgment," *Exxon Shipping*, 554 U.S. at 485 n.5.  All

14    of the Commissioner's arguments either were or could have been presented in the Commissioner's

15    initial response and cross-motion for summary judgment.  *See* dkt. 21.  Neither the

16    Commissioner's failure to raise arguments at that time, nor her dissatisfaction with the Court's

17    ruling on arguments the parties already presented, is a valid basis for a motion under Rule 59(e).

18    *See Exxon Shipping*, 554 U.S at 485 n.5.  This alone is a sufficient reason to deny the present

19    Motion.  The Court nevertheless discusses the Commissioner's arguments below.

20    **C.    The ALJ's Failure to Credit Dr. Meckler's Opinion**

21     Dr. Meckler completed a form indicating, among other opinions, that Hatfield could

22    neither sit nor stand or walk for more than two hours in an eight-hour work day.  AR at 749.

23    There is no dispute that, if true, this would preclude Hatfield from working.  Nor is there any

24    dispute that Dr. Meckler was Hatfield's treating physician.  The ALJ could therefore reject Dr.

25    Meckler's opinion only for "clear and convincing reasons" if it was uncontroverted, or for

26    "specific and legitimate reasons" if contradicted by another, non-treating doctor.  *Bayliss v.*

27    *Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995).

28     The ALJ provided the following seven reasons for affording only "partial weight"—in

1   effect, no weight—to Dr. Meckler's opinion: (1) "it is not well-supported by Dr. Meckler's

2   treatment notes"; (2) "Dr. Meckler has seen the claimant on only three occasions"; (3) Dr. Meckler

3   only provided "treatment of fatigue, sexual dysfunction, and shoulder pain"; (4) that treatment

4   consisted of "administer[ing] testosterone injections and prescrib[ing] pain medications"; (5) Dr.

5   Meckler noted improvement in Hatfield's daily functioning in January of 2012; (6) Dr. Meckler

6   "noted normal psychiatric findings" in February of 2012; and (7) Dr. Meckler noted "no

7   complaints of pain" in February of 2012.  AR at 23.  The Court addresses these reasons in turn.

8          First, the conclusory statement that Dr. Meckler's opinion "is not well-supported by Dr.

9   Meckler's treatment notes"—without more—is not a "specific" reason, as required to reject the

10  contradicted opinion of a treating physician, much less a "clear and convincing" reason sufficient

11  to meet the higher standard for rejecting an uncontroverted opinion.[4]  Of course, the ALJ went on

12  to give what she saw as specific discrepancies between the opinion and the treatment notes, as

13  listed above and discussed below, but the Commissioner cannot rely on the generic assertion of

14  lack of support to now put forward what she contends are other inconsistencies beyond those that

15  the ALJ discussed, such as the treatment notes' failure to discuss some of the tests included in the

16  disability opinion.  *See* Mot. at 9; *Orn*, 495 F.3d at 630 ("[Courts] review only the reasons

17  provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon

18  which he did not rely.").

19         Next, the Commissioner concedes that the ALJ erred in stating that Dr. Meckler only saw

20  Hatfield on three occasions.  *See* Mot. at 10 n.2.  According to the Commissioner, however, the

21  error was harmless because Dr. Meckler saw Hatfield on only four occasions before issuing his

22  opinion regarding Hatfield's disability: November 9, 2011; January 5, 2012; February 2, 2012;

23  and March 26, 2012.  *See id.* at 8−10 & n.2.  The Commissioner apparently overlooks notes

24

25  [4] The Court stands by its conclusion that Dr. Meckler's opinion is uncontroverted because the
    arguably contradictory opinions predate Dr. Meckler's treatment of Hatfield, because Hatfield's
26  claim is premised on the belief that his condition has worsened since his first application for
    benefits was rejected, and because the ALJ did not identify purportedly contradictory opinions as a
27  reason to reject Dr. Meckler's opinion.  *See* Order at 7.  But that issue is immaterial to the
    outcome, because the ALJ's reasons to reject the opinion do not meet even the "specific and
28  legitimate" standard for treating physicians' opinions that are contradicted by other medical
    evidence.

United States District Court
Northern District of California

1   indicating that a fifth (or sequentially, first[5]) "Office Visit" occurred on October 19, 2011, with

2   Dr. Meckler listed as the provider. *See* AR at 808−09. Moreover, although the sixth visit on April

3   26, 2012 occurred after Dr. Meckler issued his disability opinion in March, *see* AR at 800−01, the

4   ALJ did not qualify her statement that "Dr. Meckler has seem the claimant on only three

5   occasions" as limited to visits before the disability opinion, *see* AR at 23, and a subsequent visit

6   that confirmed Hatfield's symptoms of pain and weakness should warrant at least some

7   discussion. It is not clear why the Court should assume that the ALJ's misstatement of the record

8   was harmless when Hatfield in fact saw Dr. Meckler *twice as many times* as the ALJ stated,

9   particularly given that prior cases have held that the opinion of a treating physician who has seen a

10   patient only *once* is still "entitled to greater weight than that of an examining or reviewing

11   physician." *See Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1038−39 (9th Cir. 2003);

12   Order at 9. The ALJ's statement that Dr. Meckler saw Hatfield only three times was neither

13   supported by substantial evidence nor a legitimate reason to disregard Dr. Meckler's opinions.

14         Third, as discussed in the Court's previous Order, Dr. Meckler treated Hatfield for a

15   significantly wider range of ailments than the "fatigue, sexual dysfunction, and shoulder pain"

16   acknowledged by the ALJ, and that treatment extended beyond merely "administer[ing]

17   testosterone injections and prescrib[ing] pain medications." *See* AR at 23; Order at 8−9. Despite

18   the Court basing its previous Order in part on the ALJ's incomplete characterization of Dr.

19   Meckler's treatment of Hatfield, the Commissioner does not address that issue in her present

20   Motion. The Court stands by its conclusion that the ALJ's implication that Dr. Meckler treated

21   Hatfield in only a limited scope was not supported by substantial evidence and thus was not a

22   legitimate reason to disregard Dr. Meckler's opinions.

23         The ALJ correctly stated that Dr. Meckler noted some improvement of Hatfield's daily

24

United States District Court
Northern District of California

---

25   [5] The Court's previous Order stated that Dr. Meckler "began to oversee Hatfield's treatment in

26   September 2011." Order at 4. The Commissioner is correct that although Dr. Meckler later reviewed notes from Hatfield's September visit with a physician's assistant, there is no evidence

27   that Dr. Meckler became involved before October. *See* Mot. at 9 n.1. That misstatement in the Court's previous Order does not affect the outcome. The Court need not address whether the ALJ

28   erred in failing to acknowledge Dr. Meckler's familiarity with the work of other members of a treatment team. *See Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1039 (9th Cir. 2003).

United States District Court
Northern District of California

1   function in January of 2012.  AR at 23; *see* AR at 806.  As discussed in the Court's previous

2   Order, however, a disabled person can improve and yet remain disabled.  Order at 11; *Ghanim v.*

3   *Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) ("The fact that a person suffering from depression

4   makes some improvement 'does not mean that the person's impairment[] no longer seriously

5   affect[s] [his] ability to function in a workplace.'" (quoting *Holohan v. Massanari*, 246 F.3d 1195,

6   1205 (9th Cir. 2001) (alterations in original)).  Without any indication of what level of functioning

7   Hatfield had at the time of the January visit with Dr. Meckler, the isolated note of improvement

8   does not contradict Dr. Meckler's later opinions regarding Hatfield's impairments.

9          The Commissioner argues that the ALJ properly relied on a series of treatment notes

10   indicating normal psychiatric findings.  Mot. at 11−12 (citing AR at 804, 805, 807, 810, 811).

11   This argument could more properly be framed as defending the ALJ's reliance on the single such

12   note that she actually discussed in her decision, from February 2, 2012.  *See* AR at 23, 805.  The

13   Court stands by its previous conclusion that the ALJ's reliance on the note was not supported by

14   substantial evidence where the same boilerplate diagnosis appeared in every treatment record,

15   even when Dr. Meckler described Hatfield as anxious and nervous and prescribed medication for

16   bipolar disorder.  Order at 10 (citing AR at 804).  Regardless, Hatfield's mental health is not

17   material to the determination that he is disabled because he lacks sufficient capacity to sit, stand,

18   or walk during a workday.  *See id.* at 12−13.

19          Finally, the ALJ erroneously stated that Dr. Meckler "noted . . . no complaints of pain"

20   during Hatfield's February 2012 visit.  AR at 23.  As discussed in the Court's previous Order, Dr.

21   Meckler in fact wrote in his "Review of Symptoms" that Hatfield was "[p]ositive for back pain

22   and joint pain."  AR at 804.  The Commissioner suggests that the ALJ was correct to disregard this

23   note because it describes Hatfield's subjective reports of symptoms rather than Dr. Meckler's

24   objective findings, and Dr. Meckler also wrote that Hatfield "appear[ed] well-developed and well-

25   nourished" and exhibited "no distress."  Mot. at 9−10; AR at 805.  The Commissioner does not

26   address the fact that the ALJ's stated reason for disregarding Dr. Meckler's opinion—that Dr.

27   Meckler noted "no *complaints* of pain," AR at 23 (emphasis added)—objectively misstates the

28   record.  Moreover, the note that the Commissioner relies on regarding Hatfield's lack of "distress"

8

1  is prefaced with the category "Constitutional."  *See* AR at 805.  In the "Review of Symptoms,"

2  Hatfield's "constitutional" symptoms consist of "malaise/fatigue."  AR at 804.  In contrast, his

3  pain symptoms fall within the separate category "Musculoskeletal."  *Id.*  Thus, while the "no

4  distress" note could perhaps weigh against complaints of malaise and fatigue, there is no

5  indication that Dr. Meckler disputed the back and joint pain he recorded in Hatfield's "Review of

6  Symptoms."  The ALJ's statement that Dr. Meckler noted "no complaints of pain" was not

7  supported by substantial evidence and therefore was not a legitimate reason to disregard Dr.

8  Meckler's opinions.

9       Accordingly, the ALJ did not identify any specific, legitimate reason, supported by

10  substantial evidence, to limit the weight given to Dr. Meckler's opinion that Hatfield could neither

11  sit nor stand or walk for two hours in an eight-hour workday.  *See* AR at 23, 749.  The Court finds

12  no manifest error or injustice in its previous conclusion that the ALJ erred in rejecting Dr.

13  Meckler's opinions, and thus erred in finding no changed circumstances from Hatfield's previous

14  determination of non-disability.

15       **D.    Remand for Benefits**

16       The Commissioner also argues that the Court erred in crediting Dr. Meckler's opinions as

17  true and remanding for an award of benefits, rather than for further administrative proceedings.

18  Mot. at 14−21.  The Commissioner's objection to the Ninth Circuit's credit-as-true doctrine is

19  noted for the record, *see id.* at 16, but this Court is bound by Ninth Circuit precedent.

20  Accordingly, it is appropriate to remand for benefits rather than further proceedings where: (1) the

21  ALJ failed to provide legally sufficient reasons to reject a claimant's testimony or a medical

22  opinion; (2) the record has been fully developed; and (3) if the testimony were treated as credible,

23  the ALJ would be required to find the claimant disabled on remand.  *Treichler v. Comm'r of Soc.*

24  *Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014); *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th

25  Cir. 2014).  Even if those conditions are met, the Court retains discretion to remand for further

26  proceedings if "the record as a whole creates serious doubt as to whether the claimant is, in fact,

27  disabled."  *Garrison*, 759 F.3d at 1021; *see also Treichler*, 775 F.3d at 1102.  The credit-as-true

28  doctrine incentivizes careful analysis during an ALJ's first review of the credibility of medical

United States District Court
Northern District of California

1    evidence and promotes efficient and timely final decisions for claimants, many of whom "'suffer

2    from painful and debilitating conditions, as well as severe economic hardship.'" *Garrison*, 759

3    F.3d at 1019−20 (quoting *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1398−99

4    (9th Cir. 1988)). "'[I]f grounds for [concluding that a claimant is not disabled] exist, it is both

5    reasonable and desirable to require the ALJ to articulate them in the original decision.'" *Id.* at

6    1020 (quoting *Varney*, 859 F.2d at 1399) (alterations in original).

7         In arguing that the case should not be remanded for an award of benefits, the

8    Commissioner's brief prior to judgment merely recited a legal standard and the conclusory

9    assertion that "even if the Court were to accept Plaintiff's arguments that the ALJ's credibility

10   finding or evaluation of the opinion evidence was legally deficient, substantial evidence would

11   remain suggesting Plaintiff is not disabled and additional proceedings would be necessary before

12   disability could be judicially determined." Comm'r's Cross Mot. & Opp'n (dkt. 20) at 10.  Rule

13   59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that

14   could have been made prior to the entry of judgment." *Exxon Shipping*, 554 U.S. at 485 n.5.  The

15   Court will not countenance a legal strategy of reserving substantive argument as to why further

16   administrative proceedings are necessary until after the entry of an adverse judgment.

17        Moreover, even if the Court were to consider the Commissioner's post-judgment

18   arguments, the Court stands by the conclusion that remand for benefits is appropriate.  As

19   discussed above, the ALJ failed to provide sufficient reasons to reject Dr. Meckler's opinions.

20   There is no dispute that Hatfield would be found disabled if Dr. Meckler's opinions regarding his

21   limited capacity to sit, stand, and walk were taken as true.  The remaining questions, then, are

22   whether the record has been fully developed, and whether the record creates serious doubt as to

23   Hatfield's disability.

24        This is a case where the administrative record includes evidence from multiple medical

25   sources including a treating physician's opinions regarding the claimant's capabilities in work-

26   related settings.  The Commissioner never suggested that the record was not fully developed until

27   after the Court entered judgment in Hatfield's favor.  As for whether there are "serious doubts" as

28   to Hatfield's disability, the vocational expert testified that no jobs would be available for someone

United States District Court
Northern District of California

10

<div style="float:left">United States District Court<br>Northern District of California</div>

1 | similarly situated to Hatfield even with far less significant restrictions than Dr. Meckler identified.

2 | According to the vocational expert, for example, merely requiring a "sit/stand option" would

3 | preclude Hatfield from finding work.  AR at 61−63.

4 |   The Commissioner's position appears to be, essentially, that whenever medical evidence is

5 | not unanimous, even if dissenting opinions come from only non-treating physicians, courts cannot

6 | rely on a treating physician's testimony under the credit-as-true rule but must instead remand to

7 | give the ALJ a second attempt at weighing the evidence.  Such a rule would significantly

8 | undermine the prophylactic and efficiency concerns underlying the credit-as-true doctrine, and the

9 | Court declines to so limit it.  In this case, the Court finds that the record was fully developed and

10 | finds no serious doubt that Hatfield is disabled based on the record as a whole.  Remanding for

11 | benefits was neither manifest error nor manifest injustice.

### IV.   CONCLUSION

For the reasons stated above, the Commissioner's Motion to Alter or Amend Judgment is DENIED.  The Judgment remanding the case for an award of benefits stands as previously entered.

**IT IS SO ORDERED.**

Dated: April 8, 2016

JOSEPH C. SPERO
Chief Magistrate Judge

11