UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALLEN HATFIELD, <br>     Plaintiff, <br>     v. <br> NANCY A. BERRYHILL, <br>     Defendant. | Case No. 14-cv-03262-JCS <br><br> **ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION FOR ATTORNEYS' FEES** <br><br> Re: Dkt. No. 31 |

## I. INTRODUCTION

Plaintiff Michael Allen Hatfield initiated this action to seek review of the final decision by the Commissioner of the Social Security Administration ("the Commissioner") denying his application for disability insurance and Supplemental Security Income ("SSI") benefits under Title II of the Social Security Act ("SSA"). On July 6, 2015, the Court reversed the Commissioner's decision and remanded for an award of benefits. *See* S.J. Order (dkt. 22).[1] On remand, the Commissioner granted Plaintiff's application for benefits, entitling him to receive $48,400 in past due benefits.[2] *See* Cho Decl. (dkt. 31) Ex. 2. Plaintiff's counsel, the Law Offices of Lawrence D. Rohlfing (the "Law Firm" or "Firm"), represented Plaintiff for proceedings in this Court and under a contingency fee agreement (the "Fee Agreement"). Cho Decl. Ex. 1. Counsel now brings a Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b), seeking an award of $12,100 in attorneys' fees for work performed before this Court. *See generally* Mot. (dkt. 31). The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons stated below, the motion is GRANTED.

---

[1] *Hatfield v. Colvin*, No. 14-cv-03262-JCS, 2015 WL 4089834 (N.D. Cal. July 6, 2015).
[2] In the Plaintiff's award letter attached to the present Motion, the Commissioner withheld $12,101 to allow for the potential award of attorneys' fees up to 25% the total award amount, indicating a total award value of $48,404. *See* Cho Decl. Ex. 2 at 3.

## II. BACKGROUND

On June 16, 2014, Plaintiff entered into a contingency-based fee agreement with the Firm, appointing the Firm as his counsel in connection with his ongoing claim for disability benefits following denial at the administrative level. Cho Decl. Ex. 1. In relevant part, the Fee Agreement provides Plaintiff's Counsel with "25% of the backpay awarded upon reversal of any unfavorable ALJ decision for work before the court," as well as assigning to the Firm any fees awarded under the Equal Access to Justice Act ("EAJA"). *Id.* On July 6, 2015, this Court ruled in favor of Plaintiff on summary judgment, reversing the ALJ's denial of benefits and remanding for a calculation and award of benefits consistent with the order. *See* S.J. Order. Following judgment, the Court denied a motion by the Commissioner to alter the Court's order, leaving the Court's prior judgment standing. Dkt. 28.[3] On July 19, 2016, this Court signed a stipulation awarding Plaintiff's counsel $6000.00 in attorneys' fees under the EAJA. EAJA Award (dkt. 30). On March 5, 2017, the Social Security Administration issued Plaintiff an award letter for benefits wherein it indicated it was withholding $12,101—25% of the total past due award—pending the Court's determination of attorneys' fees. Cho Decl. Ex. 2.

In the present motion, Plaintiff's counsel asks the Court to direct the Social Security Commissioner to pay Plaintiff's counsel the fee of $12,100 for work performed before this Court with a credit to Plaintiff for the $6000 already paid. Mot. at 1. Plaintiff's counsel contends this fee is reasonable because "[t]otal fees from all sources will not exceed 25% of past due benefits considering both the lack of any administrative and the complete court fees sought." Mot. at 7. Because Plaintiff's counsel agreed to a reasonable fee agreement, provided efficient and effective legal assistance, and did not work at an hourly rate that amounts to a windfall, Plaintiff's counsel contends the sought fee is reasonable. Mot. at 4–7. Plaintiff's counsel emphasizes that it did not perform in a substandard manner, create excessive delay, and did not have an excessively large contingency-fee agreement to warrant lowering the fee award. Mot. at 4 (referencing factors discussed in *Crawford v. Astrue*, 586 F.3d 1142, 1152 (9th Cir. 2009)). Plaintiff's counsel also

---

[3] *Hatfield v. Colvin*, No. 14-cv-03262-JCS, 2016 WL 1394281 (N.D. Cal. Apr. 8, 2016).

2

notes that the net cost of the § 406(b) fees to Plaintiff would be lessened by $6,000 after the previously awarded EAJA fees are properly refunded to Plaintiff. Mot. at 7.

In response to the Motion, the Commissioner filed a Statement of Defendant's Non-Party Analysis, wherein it indicated that the $12,100 sought by Plaintiff's counsel appears to equal 25% of the total past due amount, and that when the Court analyzes the reasonableness of these fees, the Court should "look first to the fee agreement, then test it for reasonableness by examining 'whether the amount need be reduced, not whether the lodestar amount should be enhanced.'" Comm'r's Statement (dkt. 32) at 3 (quoting *Crawford*, 586 F.3d at 1149). The Commissioner ultimately took "no position on the reasonableness of the request," but did note that an EAJA refund to Plaintiff would be required if the Court awards Plaintiff's counsel § 406(b) fees. Comm'r's Statement at 4–5.

On June 14, 2017, Plaintiff's counsel mailed a copy of the motion to Plaintiff. Mot. at 11. Plaintiff has not responded or objected to the current motion.

### III. ANALYSIS

The scheme established by Congress for attorney fee awards in cases involving social security claims is described by the Supreme Court as follows:

> Fees for representation of individuals claiming Social Security old-age, survivor, or disability benefits, both at the administrative level and in court, are governed by prescriptions Congress originated in 1965. Social Security Amendments of 1965, 79 Stat. 403, as amended, 42 U.S.C. § 406. . . . The statute deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court. *See also* 20 CFR § 404.1728(a) (2001).

*Gisbrecht v. Barnhart*, 535 U.S. 789, 793–94 (2001). 42 U.S.C. § 406(b) provides, in relevant part, that "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits." 42 U.S.C. § 406(b).

3

Under *Gisbrecht*, courts should "approach fee determinations [under § 406(b)] by looking first to the contingent-fee agreement, then testing it for reasonableness," and may reduce the recovery "based on the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. The Ninth Circuit has applied *Gisbrecht* to mean that "court[s] may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford*, 586 F.3d at 1151 (citing *Gisbrecht* 535 U.S. at 808). In this analysis, courts "generally have been deferential to the terms of the contingency fee contracts in subsection 406(b) cases, accepting that the resulting *de facto* hourly rates may exceed those for non contingency-fee arrangements," because "basing a reasonableness determination on a simple hourly rate basis is inappropriate when an attorney is working pursuant to a reasonable contingency contract for which there runs a substantial risk of loss." *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003). Further, the Ninth Circuit has held that the 25% cap applies only to fees awarded under 42 U.S.C. § 406(b) and does not apply to the *total* fees awarded under subsections (a) and (b) combined, which may exceed 25% of the award of benefits. *Clark v. Astrue*, 529 F.3d 1211, 1218 (9th Cir. 2008).

In addition to the fees permitted under § 406(a) and (b), the Equal Access to Justice Act ("EAJA"), enacted in 1980, allows a party who prevails against the United States in court, including a successful Social Security benefits claimant, to receive an award of fees payable by the United States if the Government's position in the litigation was not "substantially justified." *Gisbrecht*, 535 U.S. at 796 (citing 28 U.S.C. § 2412(d)(1)(A)). In contrast to fees awarded under 42 U.S.C. § 406(b), EAJA fees are based on the "time expended" and the attorney's "[hourly] rate." 28 U.S.C. § 2412(d)(1)(B). In *Gisbrecht*, the Supreme Court explained that "Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refun[d] to the claimant the amount of the smaller fee.'" *Gisbrecht*, 535 U.S. at 796 (citing Act of Aug. 5, 1985, Pub. L. No. 99–80, § 3, 99 Stat. 186 (1985)). Accordingly, "an EAJA award offsets an award under [42 U.S.C. § 406(b)]," increasing "up to the point the claimant receives 100 percent of the past-due benefits." *Gisbrecht*,

4

535 U.S. at 796.

Here, Plaintiff's counsel seeks an award of $12,100.00 in fees, which amounts to just under 25% of the total award of past due benefits made by the Commissioner on remand. *See* Mot. In light of this Court's general deference to contingency agreements such as the Fee Agreement, the prompt and effective legal assistance provided by Plaintiff's counsel, and the risk associated with litigation in light of prior administrative denials, the Court finds this award to be reasonable. The Court finds no basis on record for reducing this fee, as there was no evidence of "substandard performance, delay, or benefits that are disproportionate to the time spent on the case." *See Crawford*, 586 F.3d at 1149. While the sought hourly rate of $340.87 exceeds the hourly rate of $169.01 under the EAJA, the Court does not find the sought hourly rate to be egregious in light of the foregoing factors. *See* EAJA Award; Cho Decl. Ex. 3. Accordingly, the Court concludes Plaintiff's counsel is entitled to the $12,100.00 in fees sought in this motion.

As discussed above, Plaintiff's Counsel was previously awarded $6,000.00 in EAJA attorneys' fees. *See* EAJA Award. Where fees are awarded under both EAJA and section 406(b), counsel is required to refund the lesser of the two awards to the client such that the EAJA offsets the 406(b) award and increases the net amount the claimant receives. *Gisbrecht*, 535 U.S. at 796. Accordingly, and because the Court now grants Plaintiff's counsel's motion for § 406(b) fees, the Court orders Plaintiff's counsel to refund the previously awarded EAJA fees of $6000.00 to Plaintiff at this time.

## IV. CONCLUSION

For the reasons stated above, the Motion is GRANTED. The Commissioner is directed to certify fees under 42 U.S.C. § 406(b) in the amount of $12,100.00, payable to the Law Offices of Lawrence D. Rohlfing. Plaintiff's counsel is directed to immediately refund $6,000 in EAJA fees to Plaintiff.

**IT IS SO ORDERED.**

Dated: September 1, 2017

JOSEPH C. SPERO
Chief Magistrate Judge

5